# Supreme Court Decisions.

## DISCHARGE OF ATTACHMENT—WHAT THE UNDERTAKING MUST CONTAIN.

AMERICAN CIGAR CO. v. MAYER AND THE HAVANA-AMERICAN CO.

Decided, June 25, 1903—68 Ohio State, p. 623.

*Attachment and Garnishment—Section 5545, Revised Statutes—Attachment May be Discharged by Undertaking—Joint Action Against Several Defendants—Answer by Garnishee that he Holds Property of One Defendant—Other Defendant May Not Discharge Attachment and Give Undertaking, When—Error for Court to Discharge Such Garnishee.*

1. In a joint action against several defendants for the recovery of a money judgment against them, in which an affidavit for attachment and garnishment is filed which charges that the garnishee has in his possession property, money, etc., belonging to the defendants, and is indebted to them in a certain sum for goods purchased of them, and the garnishee in response to the writ answers that he is indebted to one of said defendants in a certain sum, which he is ordered to pay into court and does so, it is incompetent for the other defendant, without establishing that the sum so due from the garnishee is his own separate property, to procure a discharge of the attachment and of the garnishee by giving an undertaking that the obligors therein will perform the judgment of the court against him.

2. Under the provisions of Section 5545, Revised Statutes, the undertaking in such case must contain the condition that the obligors will perform the judgment which the court may render in the action; and it is error for the court to approve an undertaking for such discharge, and discharge the garnishee from further liability if said latter and statutory condition is not contained in said undertaking.

Error to the Circuit Court of Franklin County.

On August 10, 1901, Jacob I. Mayer, a defendant in error, filed his petition in the Court of Common Pleas of Franklin County,

573

against the plaintiff in error, the American Cigar Co., and the Havana-American Co., to recover the sum of $5,000, with interest from June 17, 1901.

As grounds for recovery, the petition in substance alleges that the two companies named are foreign corporations, and that on or about May 11, 1900, the Havana-American Co. entered into a written contract with the plaintiff, by the terms of which the plaintiff was to give his services to the said company for a period of one year from July 1, 1900, to June 30, 1901, as salesman in selling cigars made by said Havana-American Co., in most of the principal cities of the United States, between Portland, Maine, and Denver, Colorado, upon an average commission of about one and one-half per cent.; that the written contract provided that if the said Havana-American Co. should cancel or terminate the said contract with the plaintiff at any time between January 1, 1901, and June 30, 1901, the said company would pay the plaintiff the sum of $5,000 in cash in lieu of his commission, for the termination or cancellation of the contract before the expiration thereof.

It is further alleged that the plaintiff entered upon his duties under the contract on July 1, 1900, and continued to carry out all its terms on his part until the contract was terminated by the Havana-American Co., on June 17, 1901, during which time plaintiff had built up a very large and extensive trade for said company, the sales made by him aggregating more than half a million dollars; and that on June 17, 1901, the Havana-American Co. sold, assigned, and transferred all its property, assets and business of every kind, to its co-defendant, the American Cigar Co., and ceased business, terminated and canceled said written contract, whereby there became due the plaintiff $5,000 as provided by the terms of the contract.

The plaintiff further alleges, that at the time of the said sale and transfer, as part of the consideration for the same, the American Cigar Co. agreed and assumed in writing to pay all debts and liabilities of the Havana-American Co., and especially agreed to pay all the indebtedness of the latter company to the plaintiff under its contract with him before stated; and that neither company has paid him any part thereof, and judgment is prayed for $5,000.

An affidavit for attachment was filed with the petition which is as follows:

"Jacob I. Mayer, the above named plaintiff, being duly sworn, says that the claim sued upon in the above entitled and foregoing petition is for a debt and demand arising upon a written contract for the employment and services of the said plaintiff, and that the said claim is just, and affiant believes he ought to recover thereon the sum of five thousand dollars ($5,000), with interest thereon from June 17, 1901, and that the said defendants, the Havana-American Co. and the American Cigar Co., are both foreign corporations and non-residents of the state of Ohio, and that the said Jacob I. Mayer has good reason to believe, and does believe, that George W. Poor, of the city of Columbus, Ohio, has property of said defendants, consisting of money due the said company from the said George W. Poor, on account of goods sold and delivered to him by the said companies, and that the same is subject to attachment and garnishment in this action.

"JACOB I. MAYER.

"Sworn to before me and subscribed in my presence by the said Jacob I. Mayer, this tenth day of August, A. D. 1901.

"C. C. SNYDER,
"Notary Public in and for said county."

Summons for each defendant issued on the petition, and was returned not served because neither party named therein could be found within Franklin county. An order of attachment was issued on the affidavit; also, a writ of garnishment for George W. Poor, named in the affidavit. The sheriff was unable to find any real or personal property whereon to levy the attachment, but on the same day, August 10, 1901, he served said George W. Poor with a certified copy of the order of garnishment, which was returnable on August 19, 1901.

The garnishee appeared in court, and his examination is as follows:

"Examination of George W. Poor as garnishee in this case.

"Question 1: State if you have any property or effects of the said defendant, the Havana-American Co. and the American Cigar Co. in your possession or under your control. If so, describe it; and state where it is. Answer: No.

"Question 2: State if you are indebted to the said defendant, the Havana-American Co. and the American Cigar Co. in any sum or sums of money, for any cause or causes of action whatever. If so, state the amount of it, how evidenced, and when payable. Answer: Yes, I am; prior to June 17 last, I had placed orders for cigars with the Havana-American Co., and the cigars so ordered have been delivered to me. The bills for these cigars as rendered, less freights, allowances and discounts, amount to sixteen hundred·

and fifty-five dollars and thirty-six cents ($1,655.36), and this amount is subject to certain set-offs in my favor, but the amount of said set-offs have not yet been settled or adjusted between us."

Notices for defendants by publication were given.

On October 16, 1901, the court ordered the garnishee to pay into court the sum of $1,200, which he admitted he owed as garnishee. On his application this order was modified, reducing the amount to be paid into court to $923.21, which amount was paid into court.

Thereupon the American Cigar Co., plaintiff in error, entered into the following undertaking to discharge the attachment and garnishment:

"The State of Ohio, Franklin county, ss., Court of Common Pleas. Jacob I. Mayer, plaintiff, v. The Havana-American Co. and The American Cigar Co., defendants.

"Whereas, Jacob I. Mayer has commenced a civil action against the Havana-American Co. and the American Cigar Co. in the Court of Common Pleas of Franklin County, Ohio, to recover the sum of five thousand dollars, with six per cent. interest from June 17, 1901, and whereas an order of attachment and garnishment has been issued in said action and the property of said the American Cigar Co. has been attached and is now bound therefor, and money of said the American Cigar Co. has been garnisheed in the hands of George W. Poor, garnishee; and, whereas, Charles C. Benbow, on behalf of said American Cigar Co., desires to have the said property discharged from said attachment, and said garnishee released from liability for money or property of said American Cigar Co.,

"Now, therefore, we hereby undertake and bind ourselves to the said plaintiff, Jacob I. Mayer, in the sum of ten thousand two hundred dollars that the said defendant, the American Cigar Co. shall perform the judgment of the court in this action against it, said American Cigar Co.

"Columbus, Ohio, October 2, A. D. 1901.
"CHARLES C. BENBOW,
"ARCH S. HAMMOND."

The record shows that the undertaking was presented to the court on October 29, 1901, for approval. The plaintiff objected to the undertaking, because it was a bond in behalf of one, and not both of the defendants, and that it is not conditioned according to law. The court disregarded the objections, and ordered "that the attachment heretofore issued herein against the said the American Cigar Co. be discharged, and that George W. Poor, garnishee herein, be also discharged from further liability herein as to any

property or money of said American Cigar Co. in his possession." To this action of the court plaintiff excepted.

To the order approving the undertaking and so discharging the attachment and the garnishee, the plaintiff prosecuted error in the circuit court, where the orders of the court of common pleas were reversed and set aside.

The proceeding here is to reverse the judgment of the circuit court.

*Arnold, Morton & Irvine,* for plaintiff in error.

*T. E. Powell,* for defendant in error.

PRICE, J.; BURKET, C. J., SPEAR and DAVIS, JJ., concur.

By the judgment of reversal, the circuit court declared that the undertaking for the discharge of the attachment and the garnishee is not in compliance with the statute, and for that reason the court of common pleas erred in approving it and ordering the discharge of the garnishee.

The provision for the discharge is Section 5545, Revised Statutes, which reads:

"If the defendant, or other person on his behalf, at any time before judgment, causes an undertaking to be executed to the plaintiff, by sufficient surety resident in the county, to be approved by the court, in double the amount of the plaintiff's claim as stated in his affidavit, to the effect that the defendant shall perform the judgment of the court, the attachment shall be discharged, and restitution made of any property taken under it, or the proceeds thereof; and such undertaking shall also discharge the liability of a garnishee in the action, for any property of the defendant in his hands; * * *"

It is the claim of the plaintiff in error that the undertaking is not required to be conditioned strictly according to the language used, and that while the statute provides that such undertaking shall be "to the *effect that the defendant shall perform the judgment of the court,*" it means only that the defendant giving, or on whose behalf the undertaking is given, will perform the judgment of the court against him or it, if one should be rendered.

This must have been the view taken by the court of common pleas when it approved the undertaking in this case, because it is not conditioned as the words of the statute require, but binds the obligors, that the American Cigar Co., on whose behalf it was

executed, *"perform the judgment of the court in this action against it, said American Cigar Co."*

To determine which of the lower courts is right in its construction of the statute requires attention to the nature of the suit brought, but more especially to the affidavit upon which the attachment issued.

The defendants were sued jointly by the plaintiff, and if we look into his petition, we may find that the liability of the defendants as asserted is not strictly a joint liability; yet the averments are such that he might have a joint recovery, or a recovery against one of the defendants, as the facts may warrant on trial of the case.

However, we do not determine questions arising on attachment proceedings by the allegations of the petition alone; but we look to the affidavit filed upon which the attachment is ordered, or garnishment made.

This is in accordance with the language of the statute quoted, because the undertaking shall be "in double the amount of the plaintiff's claim as stated in his affidavit," etc.

When we turn to the affidavit filed in this case, we see that it asserts a claim against both defendants, who are foreign corporations and non-residents of Ohio, and "that George W. Poor has property of said *defendants,* consisting of money due the said *companies* from the said George W. Poor, on account of goods sold and delivered to him by the said *companies,* and that the same is subject to attachment and garnishment in this action."

Another important feature of the case deserves attention here. The garnishee, Poor, answered in substance that he purchased the goods from the Havana-American Co., who delivered them to him, and that he owed therefor the sum stated in his answer. He said nothing about the American Cigar Co. as his creditor, and the Havana-American Co. is not a party to the undertaking nor did it give one of its own.

On this condition of the case and at this stage of the proceedings, what right had the American Cigar Co. to give the undertaking in question and have the garnishee discharged?

The general effect of the undertaking is to restore to the party giving it the property attached or its proceeds, if it has been sold, and that the garnishee be discharged from further liability.

It is true that in this case, when the undertaking on behalf of the American Cigar Co. was approved, the order of discharge was

made as to that company, and that Poor, as garnishee, was discharged "from further liability herein as to any property or money of said American Cigar Co. in his possession." But who had determined to whom his indebtedness runs? He owed but one debt, and it was not due to both. He is not liable to both companies.

As we understand the record and statements of counsel, the case has not yet been heard on the merits, and it has not been decided by either court or jury whether the plaintiff has a right to recover jointly of the defendants, or of either of them. And the question recurs, What right has the American Cigar Co., in advance of such decision, to gain possession of the money owing by the garnishee to one or the other of the defendants and take it out of court on the giving of the undertaking under consideration?

It is apparent from the record, that while the American Cigar Co. submitted itself to the jurisdiction of the court of common pleas, by a motion and perhaps otherwise, the other defendant has not done so, and that service by publication alone has been obtained over it. And that form or kind of jurisdiction depends on the seizing or garnisheeing of property, money, etc., within the jurisdiction of the court from which the writ issued. With the subject matter of the attachment or garnishment discharged by the undertaking for that purpose, there is nothing left upon which to acquire and hold jurisdiction over the Havana-American Co., unless it is contemplated by the order of the common pleas that the garnishee may be compelled to pay his indebtedness twice; once to the American Cigar Co. which has beeen done, and again to the Havana-American Co. in case the plaintiff should recover against it.

The scene is not improbable that on trial of the merits of the action the finding may be only against the Havana-American Co. How could the court enforce it? It could render no personal judgment beyond the amount due from the garnishee. He has been discharged from further liability as to what he owed the American Cigar Co., but under guise of that proceeeding he has paid all he owes on his purchase into the court and by virtue of the undertaking, the American Cigar Co. has taken, or can take the money. Shall he pay again in case the plaintiff shall recover of the other company? That would be high-handed injustice; but just such a paradox is probable, if the order of the court of common pleas is to stand. The court would undermine its own jurisdiction, and be-

come powerless to enforce any judgment against the Havana-American Co. Can the court order the American Cigar Co. to pay back into the court the money garnisheed? No; because it obtained possession under the order of that court, which would be a good answer to such an order. The statute intends to prevent such probable complications, and keep the way clear for the court to enforce the judgment it may finally render.

We do not intend to say, that in a proper case and on a proper showing, one of several defendants may not have an attachment discharged from his separate property by giving the statutory bond. But no such case is present in the record. No separate interest in the funds garnisheed was disclosed; no showing was made of a right to any part of it. The American Cigar Co. constituted itself sole arbiter, and obtained practically and in effect the entire subject matter of garnishment.

If the defendants, or one of them, in advance of any determination of their joint or several liability; and in advance of any determination as to whose property ought to remain under the lien, desire to step in and procure a discharge of the attachment, or the garnishee, it is but fair that the undertaking shall be as the law requires—to perform the judgment of the court when the case has been heard on its merits.

Where property has been seized or garnisheed, in order to avoid and prevent possible, and probable complications in carrying into execution, a judgment against one or more defendants, if one should be obtained, and to continue the jurisdiction of the court first acquired, until the rights of all the parties are adjusted, our statute has in very plain language provided that the undertaking shall bind the obligors to perform the judgment of the court. If they fear to do this, the defendant, or defendants, can await the final judgment.

There is no argument in the fact that the statute uses the words "the defendant or any one on his behalf," etc., and, "defendants shall perform the judgment of the court," etc.

By virtue of Section 4947 of Revised Statutes, it is said, "and words in the plural include the singular, and in the singular include the plural number," etc.; and the section authorizing the discharge of an attachment is to be construed in reference to this rule established for the "interpretation of words."

A majority of the court concur in the judgment of the circuit court and it is affirmed.

*Judgment affirmed.*